UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DOROTHY BARRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05-1071 |
| | ) | (GENERAL DOCKET |
| | ) | NO. 3:05-MC-0100) |
| HCA, INC., *et al.* | ) | JUDGE ECHOLS |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation (R & R) (Docket Entry No. 8) in which the Magistrate Judge recommends that *pro se* Plaintiff's first and second motions for emergency injunctive relief (Docket Entry No. 3 in No. 3:05-MC-0100 and Docket Entry No. 7[1] in No. 3:05-1071) be denied. Plaintiff has filed an Objection (Docket Entry No. 25) to the R & R.

Plaintiff filed a Complaint under state and federal law against several health care providers, physicians, and others, alleging that they have been negligent in the management of her medical care. Her motions for emergency relief appear to ask the Court to issue Orders which would require that she be provided certain medical and other treatments for her DVT (Deep Vein Thrombosis).

The Magistrate Judge, utilizing the four factors required by the Sixth Circuit in deciding whether to grant a preliminary

---

[1]Although the Magistrate Judge represents this motion as Docket Entry No. 6, the correct Docket Entry number is 7.

1

injunction or temporary restraining order, concluded that Plaintiff has about the same probability of success in prevailing on the merits as the Defendants and that there was no showing of irreparable injury even though Plaintiff had a serious physical condition that caused her sluggishness and swelling in the legs. Moreover, the Magistrate Judge indicated that there was no showing of extraordinary circumstances which would warrant the intervention of the Court into matters dealing with the management of medical care for the Plaintiff. (Docket Entry No. 8 at 2-3). This Court fully concurs with those conclusions.

In her Objection, Plaintiff asserts that she does in fact have a serious medical condition, DVT, which is documented in the record. However, the fact that Plaintiff may suffer from that condition does not mean, by necessity, that she is, or will, suffer irreparable injury without intervention of the Court as there is no medical proof presented that such irreparable injury is likely to occur. More importantly, Plaintiff's bare assertion that she has DVT which causes her legs to swell and results in sluggishness and pain, does not address the other factors which go into determining whether injunctive relief should be granted, including whether there is a strong likelihood plaintiff will succeed on the merits, whether the issuance of an injunction will cause substantial harm to others, and whether the public interest would be served by issuing an injunction. See, Michigan State v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997)(setting forth the factors to be

2

considered in ruling on request for preliminary injunction). These three factors alone weigh strongly against granting injunctive relief, as does the fact that it is not generally within the purview of federal courts to micro-manage medical care for private individual litigants.

Plaintiff also appears to be claiming that since she "suffered her injury," no doctor will be her family care physician. Even if this is so, it is beyond the scope of her request for emergency relief because it suggests that the Court should order a physician to become her family physician, something which the Court cannot, and will not, do.

Plaintiff also states "[i]t appears the Court has omitted due process in this case," (Docket Entry No. 25 at 1), presumably meaning the Magistrate Judge did not consider Plaintiff's "due process" rights in making the recommendation that Plaintiff's request for emergency relief be denied. This contention has no basis in fact from the record and, in any event, the Magistrate Judge appears to have properly applied the facts presented to the factors to be considered in ruling on a request for injunctive relief.

Finally, in her Objection, Plaintiff also posits a question regarding "Proof of Service" in which she appears to be asking whether she should serve Defendants with pleadings and documents or only file the same with the Court. The record reveals that attorneys have entered appearances for many of the Defendants.

Where counsel has appeared for a Defendant, Plaintiff should serve any papers she wishes to file with the Court on that counsel of record. With regard to any Defendants for whom an appearance by counsel has not been made, Plaintiff should serve any filings on those Defendants individually. Filing material with the Court without providing copies of that material to the opposing side is not proper.

In light of the foregoing, the Report and Recommendation of the Magistrate Judge (Docket Entry No. 8) is hereby ACCEPTED and ADOPTED and Plaintiff's Objection thereto (Docket Entry No. 25) is hereby OVERRULED. Plaintiff's first and second motions for injunctive relief (Docket Entry No. 3 in No. 3:05-MC-0100 and Docket Entry No. 7 in No. 3:05-1071) are hereby DENIED. This case is returned to the Magistrate Judge for further pretrial management in accordance with Local Rule 11.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE