IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DOROTHY BARRON,            )
                           )
        Plaintiff,         )
                           )
    v.                     )    No. 3:05-1071
                           )
HCA, INC., et al.,         )
                           )
        Defendants.        )

TO:     Honorable John T. Nixon, Senior District Judge

## REPORT AND RECOMMENDATION

Presently pending before the Court is the motion to dismiss or for judgment on the pleadings filed by Dr. David Heusinkveld (Docket Entry No. 59). Plaintiff has not filed a response in opposition to the motion.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this action pro se and in forma pauperis asserting claims against four health care facilities, ten physicians, and two lawyers. She alleges that Defendants committed acts in violation of federal and state law and were negligent in the management of her medical care. See Complaint (Doket Entry No. 1). Specifically, Plaintiff brings her action under Section 504 of the

---

[1] By Orders entered March 23, 2006 (Docket Entry No. 50), and June 8, 2006 (Docket Entry No. 70), Plaintiff was given until June 20, 2006, to file a response to the pending motion.

Rehabilitation Act, 29 U.S.C. § 794 ("Rehabilitation Act"); the False Claims Act, 31 U.S.C. §§ 3729 et seq. ("False Claims Act"); Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d; the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"); the First and Fourteenth Amendments of the United States Constitution via 42 U.S.C. § 1983; Tenn. Code Ann. §§ 29-26-115 et seq., and Tenn. Code Ann. § 34-3-101.

By Memorandum and Order entered September 29, 2006 (Docket Entry Nos. 83-84), the Court granted the motions to dismiss filed by all defendants in the action except for Defendant Heusinkveld, whose motion was not addressed by the Court.[2] Plaintiff's federal causes of action against all defendants except Defendant Heusinkveld were dismissed with prejudice and her state law claims were dismissed without prejudice for lack of subject matter jurisdiction.[3]

A complete summary of Plaintiff's factual allegations is contained in Court's Memorandum and need not be repeated herein. The allegations which pertain to Defendant Heusinkveld are as follows.

Plaintiff uses a wheelchair because of disabling medical conditions, she is allergic to some metals, and she requires hydrotherapy for a back condition. She presented to St. Thomas Hospital's emergency room on October 14, 2004, and was admitted shortly thereafter. Dr. Heusinkveld was her primary physician. Due to her physical condition and lack of assistance at home, Dr. Heusinkveld advised Plaintiff not to return home but to consider a temporary alternative placement where she could receive hydrotherapy. St. Thomas Hospital did not offer hydrotherapy. Plaintiff and Dr. Heusinkveld made unsuccessful efforts to find such a placement.

---

[2] By separate Order (Docket Entry No. 85), Judge Echols recused himself on the remaining claim against Defendant Heusinkveld.

[3] All claims against Defendant f/n/u Randall, M.D. were dismissed without prejudice because Plaintiff had failed to effectuate service of process upon him.

Plaintiff remained at St. Thomas Hospital five days between October 14 and 19, 2004. Over the weekend, Dr. Randall substituted for Dr. Heusinkveld, and by Monday, October 18, 2004, Dr. Randall had taken over Plaintiff's care and ordered a psychiatric evaluation of Plaintiff. Dr. Petrie, a psychiatrist, informed Plaintiff that she would be placed in the Parthenon Pavilion Psychiatric Hospital, and Plaintiff was involuntarily transferred there on October 19, 2004. Plaintiff denies that she had psychiatric problems.

## II. CONCLUSIONS

Defendant Heusinkveld argues that the claims brought against him warrant dismissal because the claims are barred by the applicable statutes of limitation and because Plaintiff fails to make factual allegations which support a claim against him under the EMTALA, the First and Fourteenth Amendments, and the Rehabilitation Act. See Docket Entry No. 60.

The arguments raised by Defendant Heusinkveld mirror the arguments raised by the co-defendants in the motions to dismiss that were granted by the Court on September 29, 2006. In its Memorandum (Docket Entry No. 83), the Court addressed the exact same substantive arguments raised by Defendant Heusinkveld in the context of ruling on the other defendants' dispositive motions. There are no factual allegations made by Plaintiff against Defendant Heusinkveld which distinguish the claims brought against him from the claims which have already been dismissed in this action.

Accordingly, for the reasons set out in the Court Memorandum and Order entered September 29, 2006, the motion to dismiss or for judgment on the pleadings filed by Defendant Heusinkveld should be granted.

# R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS:

1) Defendant David C. Heusinkveld's motion to dismiss or for judgment on the pleadings (Docket Entry No. 59) be GRANTED;

2) all federal claims which Plaintiff asserts against Defendant Heusinkveld be DISMISSED WITH PREJUDICE;

3) all state law claims which Plaintiff asserts against Defendant Heusinkveld be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and

4) the case be closed in its entirety.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[4] Dismissal of Defendant Heusinkveld will resolve all pending claims in the action.